**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUDY ANN SHOWERS,** | : | |
| Petitioner | : | NO: 3:CV-03-2264 |
| v. | : | (Judge Caputo) |
| **JEFFREY BEARD, Commissioner, Pennsylvania Department of Corrections; MARTIN DRAGOVICH, Warden of the State Correctional Institution at Muncy,** | : | |
| Respondents | : | |

## MEMORANDUM

Before the Court is Respondents' motion for reconsideration (Doc. 26) of the Court's Memorandum and Order (Doc. 25) granting habeas corpus relief and vacating the state court conviction of Petitioner Judy Ann Showers ("Showers"). For the reasons that follow, the motion for reconsideration will be denied.

## BACKGROUND

Showers, an inmate currently incarcerated at the State Correctional Institution in Muncy, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 11, 2003, challenging her conviction and sentence in the Court of Common Pleas of Northumberland County, Pennsylvania, with claims of ineffective assistance of counsel and trial court error. (Doc. 1.) By Memorandum and Order dated November 10, 2008, the court granted the habeas petition as to Claim I, which related to ineffective assistance of trial counsel. (Doc. 25.) Specifically, the Court found that trial counsel was ineffective for failing to present expert testimony to rebut the Commonwealth's expert witness testimony with respect to the characteristics of the liquid morphine Roxanol. The Court further concluded that there was a reasonable

probability that the jury's verdict would have been different if Showers' trial counsel had presented such rebuttal expert testimony.  As a result, the Court granted habeas relief on that claim, vacated Showers' conviction, and remanded in order to allow the Commonwealth to retry Showers within a reasonable time of the Court's Order.

Respondents have filed a motion for reconsideration of the Court's Memorandum and Order granting habeas relief.  (Doc. 26.)  This motion is now ripe for disposition.

## DISCUSSION

**I.     Standard of Review**

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D.

Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**II.    Analysis**

In the instant motion, Respondents raise three claims for reconsideration of the Court's Order granting habeas relief. The Court will discuss each claim in turn.

In their first claim, Respondents ask the Court to reconsider the timeliness of the Showers' habeas petition based on the United States Supreme Court's decision in *Day v. McDonough*, 547 U.S. 198 (2006). In *Day*, the Supreme Court held that a district court is "permitted, but no obliged," to consider, *sua sponte*, the timeliness of a habeas petition after initial screening of the petition and an answer has been ordered and filed. *Id*. at 209. The decision in *Day*, however, does not contemplate the situation presented in this case where not only was the statute of limitations defense not raised by the Respondents in an answer to the petition, but also where a decision on the merits has already been entered. Here, while the Court may have raised the AEDPA limitations issue *sua sponte*, it did not. Rather, the Court addressed the issues presented in the petition on the merits after the petition was fully briefed and ripe for disposition. As such, the Court rejects Respondents' argument on timeliness of the habeas petition

3

based on the Supreme Court's decision in *Day*. Moreover, as Respondents did not raise the issue of timeliness as an affirmative defense to the habeas petition at any time prior to the court's decision on the merits, and instead raise it for the first time in the instant motion for reconsideration (nearly five years after answering the habeas petition), this issue has been waived. *See Chainey v. Street*, 523 F.3d 200, 209 (3d Cir. 2008) ("A statute of limitations defense, raised for the first time in a post-trial motion, is generally waived"). *See also Robinson v. Johnson*, 313 F.3d 128, 137 (3d Cir. 2002) ("Affirmative defenses must be raised as early as practicable, not only to avoid prejudice, but also to promote judicial economy; failure to raise the statute of limitations defense in the answer will not necessarily result in waiver if the defense is raised "at the earliest practicable moment thereafter"); *DeFoy v. McCullough*, 301 Fed. Appx. 177, 180 (3d Cir. 2008). Therefore, Respondents' motion for reconsideration based on the issue of timeliness of the habeas petition is denied.

In their second claim, Respondents ask the Court to reconsider the issue of whether trial counsel was ineffective for failing to present rebuttal expert testimony on the basis that the issue is procedurally defaulted because it was "never preserved by objection at [trial], nor was it preserved by Post Sentence Motion or on direct appeal" in the state courts. (Doc. 29 at 8.) In support, Respondents appear to claim that this issue is procedurally defaulted because the claims of ineffectiveness of direct and appellate counsel with respect to the presentation of rebuttal expert testimony were not properly "layered" under Pennsylvania law. (*Id*. at 8-9.)

The Court addressed procedural default in its disposition of the habeas petition.

Specifically, the Court found

> In the instant case, it is clear that the first time Showers asserted that her trial counsel was ineffective for failure to raise the issues presented in this habeas petition was in her PCRA petition. Arguably, such claims were "waived" under state law, which required at the time of her direct appeal that ineffectiveness of counsel "be raised as an issue at the earliest stage in the proceedings at which the counsel whose ineffectiveness is being challenged no longer represents the defendant." *Commonwealth v. Hubbard*, 372 A.2d 687, 695 n.6 (Pa. 1977).[] The first opportunity for challenging the effectiveness of trial counsel on the issues presented in the instant petition was on direct appeal, and Showers' appellate counsel did not raise these claims. Showers nonetheless preserved the instant claims by challenging in her PCRA petition the ineffectiveness of appellate counsel for failing to raise these ineffectiveness of trial counsel claims. Moreover, in its decision on whether Showers' appellate counsel provided ineffective assistance, the Pennsylvania Superior Court addressed the merits of Showers' claims of ineffective assistance of trial counsel. *See Showers II*, 782 A.2d at 1019-22. Thus, this Court concludes that Showers has preserved her instant challenges of ineffectiveness of trial counsel, and the Court is not foreclosed from addressing those issues on the merits.

Furthermore, the Court acknowledged that since disposition of Showers' appeals in the state courts, Pennsylvania law has changed to reflect that ineffectiveness of counsel claims may only be brought collaterally. (*See* Doc. 25 at 12.)

Applying the standard used when a party seeks reconsideration, the Court concludes that Respondents have not demonstrated any of the applicable grounds for reconsideration. Initially, the Court finds no intervening change in controlling law and no error of law or fact. Additionally, Respondents' argument does not constitute new evidence that was unavailable when the Court entered judgment. Thus, the Court finds no basis to reconsider its findings that Showers preserved her challenge of ineffectiveness of trial counsel with respect to the presentation of rebuttal expert testimony. The motion for reconsideration as to this issue will be denied.

In their third claim, Respondents ask the Court to reverse its decision on the claim of ineffectiveness of trial counsel for failure to present rebuttal expert testimony by arguing the merits "in the alternative" and setting forth the "overwhelming evidence presented at trial" which support a contrary decision on this issue. In support, Respondents again argue that Delbert Showers "could have voluntarily taken the fatal Roxanol as it could be disguised in other foods or beverages or he could have been given it forcibly." (Doc. 29 at 10.)

Applying the standard used when a party seeks reconsideration, the Court will deny Respondents' motion with respect to this issue. Respondents have not pointed to any new evidence, an intervening change in the controlling law, or clear error. Instead, Respondents are simply attempting to convince the Court to reverse a decision already rendered. A motion for reconsideration may not be used to give a dissatisfied party a chance to "[change] theories and try again," and thus obtain a "'second bite at the apple.'" *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1229, 1231 (3d Cir. 1995). As such, the Court rejects Respondents' attempts to reargue issues which were previously decided by the Court. Whether decided rightly or wrongly, the Court committed no manifest error of law or fact in granting habeas relief on Showers' claim that counsel was ineffective for failing to present rebuttal expert testimony. Accordingly, Respondents' motion with respect to this claim will be denied.

## CONCLUSION

For the above stated reasons, the Court will deny Respondents' motion for reconsideration. (Doc. 26.)

An appropriate Order follows.

s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Dated: April 2, 2009.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUDY ANN SHOWERS,** | : | |
| | : | |
| Petitioner | : | NO: 3:CV-03-2264 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JEFFREY BEARD, Commissioner, Pennsylvania Department of Corrections; MARTIN DRAGOVICH, Warden of the State Correctional Institution at Muncy,** | : | |
| | : | |
| Respondents | : | |

## ORDER

**AND NOW, this 2nd day of April, 2009**, upon consideration of the motion for reconsideration (Doc. 26) and for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 26) is **DENIED**.

                                                  s/ A. Richard Caputo
                                                  A. RICHARD CAPUTO
                                                  United States District Judge